IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

JAMES TURNER and
DEBORAH TURNER,

    PLAINTIFF,

vs.                                         CASE NO. CV 11-J-3318-NE

AMERICAN HOME MORTGAGE
SERVICING, INC., et al.,

    DEFENDANTS.

## ORDER

Pending before the court is defendant QBE Insurance Corporation's motion to dismiss complaint and memorandum of law (doc. 15), the plaintiff's response and opposition (doc. 21), and the defendant's reply (doc. 24). Having considered the motion, response, reply, and all other pleadings filed to date, the court finds as follows:

In their complaint, the plaintiffs allege defendants wrongly force-placed hazard insurance on their home. Complaint, ¶ 16. They further assert that defendant American Home Mortgage Servicing, Inc., received a mortgage payment from plaintiffs on June 30, 2010, placed the same in a Suspense Account, and then drew funds from this Suspense Account to pay a unilaterally established Escrow Account for the purpose of paying for the force-placed insurance. Complaint, ¶¶ 17-18.

Thereafter, partial refunds of the force-placed insurance were credited to the Escrow Account.[1]  Complaint, ¶¶ 19-21.

The plaintiffs' allege that since their insurance was to be paid outside of escrow, their mortgage originator waived the escrow account requirements. Complaint, ¶¶ 8, 10.  Under their mortgage Uniform Covenants, should defendant place force-placed insurance on a mortgagee's property, such funds are to be "additional debt of the Borrower..."  Complaint, ¶ 12.  Therefore, the plaintiffs complain that the defendants wrongfully created a Suspense Account and an Escrow Account.  Complaint, ¶¶ 14-15.  Plaintiffs do not allege what has happened to the funds in the Escrow Account since the full sum of the force-placed insurance was credited to that account in August 2010.

Although not alleged in the complaint, defendant QBE Insurance Corporation ("QBE") sold the forced-place insurance policy binder on the plaintiff's home loan.[2] Plaintiff's response (doc. 21) at 1 and exhibit A thereto.  Plaintiffs do not allege that

---

[1] The sum of these partial payments exactly equals the premium for the forced-placed insurance which plaintiffs claim they were wrongfully charged.  The plaintiffs do not allege whether or not the total sum placed into escrow has ever been refunded to them.

[2] While plaintiffs claim this is alleged in the complaint at paragraph 16, that paragraph states in toto:

> On March 25, 2010, Defendants force-placed Hazard insurance for a premium of 1,581.48.

Complaint, ¶ 16.

QBE was an agent of the other defendants. Rather, plaintiffs assert QBE's motion to dismiss should be denied because it should be "a co-defendant with its business partners." Response, at 1. However, there is no allegation that there is any form of partnership or formal business relationship among the defendants. There is no allegation of collusion between QBE and other defendants.

Plaintiffs define their proposed class as "all consumers who have mortgage loans serviced and/or owned by American Home Mortgage Services, Inc. and Deutsche Bank National Trust Company" and as "all consumers who have mortgage loans services and/or owned by Defendants and are entitled to receive loan information ..." Complaint, ¶ 22. Plaintiffs seek injunctive relief for items such as requiring "each Defendant to immediately refrain from creating Escrow Accounts for account (sic) known to be established as Non-Escrow mortgage loans," and requiring "each defendant to refrain from collecting force-placed insurance premiums from Escrow Accounts." Complaint ¶ 34(a)-(b). Plaintiffs also seek to have the court declare the defendants actions in violation of RESPA and the relevant contract language, as well as create a constructive trust. Complaint, ¶¶ 39-40, 44. Finally, plaintiffs bring a claim for breach of contract. Complaint, ¶¶ 47-52.

In reviewing a motion to dismiss, the court must "accept the allegations of the complaint as true and construe them 'in the light most favorable to the plaintiff.'"

*Simmons v. Sonyika*, 394 F.3d 1335, 1338 (11th Cir.2004); citing *Hill v. White*, 321 F.3d 1334, 1335 (11th Cir.2003). A motion to dismiss is granted "only when the movant demonstrates 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Sonyika*, 394 F.3d at 1338, citing *Spain v. Brown & Williamson Tobacco Corp.*, 363 F.3d 1183, 1187 (11th Cir.2004)(quoting *Conley v. Gibson,* 355 U.S. 41, 45-46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957)). *See also Erickson v. Pardus,* 551 U.S. 89, 94, 127 S.Ct. 2197, 2200 (2007) ("when ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint"); *Jackson v. Okaloosa County, Fla.,* 21 F.3d 1531, 1534 (11th Cir.1994)(same).

Defendant QBE asserts that the complaint contains no allegations of wrongdoing by it and no claim for relief which it can provide. This court agrees. To satisfy the pleading requirements of the Federal Rules of Civil Procedure, a complaint must contain a short and plain statement showing an entitlement to relief, and must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)(citing *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002)). To survive a motion to dismiss, a plaintiff's complaint must include "enough facts to state a claim to relief that is plausible on its face." *Twombly,*

550 U.S. at 570, 127 S.Ct. at 1974.  Where a complaint contains well-pleaded facts, if those facts "do not permit the court to infer more than the mere possibility of misconduct," the complaint stops short of showing the plaintiff is entitled to relief. *Ashcroft v. Iqbal* 129 S.Ct. 1937, 1950 (2009); citing Fed.R.Civ. Proc. 8(a)(2).

The plaintiffs' complaint alleges various incidents related to their mortgage and their mortgagor.  Defendant QBE is not their mortgagor, nor alleged to be an agent of their mortgagor.  None of the relief requested in plaintiffs' complaint can be provided by defendant QBE. In other words, there is no claim stated against defendant QBE "upon which relief can be granted."  Fed.R.Civ.Pro. 12(b)(6).

Having considered said motion, response and reply, and taking the allegations of the complaint as true, the court is of the opinion that the motion to dismiss is due to be granted.

It is therefore **ORDERED** by the court that said motion be and hereby is **GRANTED**.  The plaintiffs' complaint against defendant QBE is **DISMISSED**  for failure to state a claim upon which relief can be granted and defendant QBE is **DISMISSED** from this action.

**DONE** and **ORDERED** this the 14th day of December, 2011.

INGE PRYTZ JOHNSON
U.S. DISTRICT JUDGE